USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-2-2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

MALIBU MEDIA, LLC,

                Plaintiff,           12 Civ. 4136 (LLS)

   - against -                  ORDER

JOHN DOES 1-14,

                Defendants.
- - - - - - - - - - - - - - - - - - -X

      Following In re Bittorrent Adult Film Copyright Infringement Cases, No. 12-1147 (JS)(GRB), 2012 WL 1570765 (E.D.N.Y. May 1, 2012), this Court allowed service of a subpoena by plaintiff to obtain the name, address, and Media Access Control address for defendant John Doe 1 from the proper Internet Service Provider ("ISP"), which was directed to produce that information to this Court, not to plaintiff.

      It appears that by error, the ISP (Road Runner/Time Warner Cable) delivered the identity of John Doe 1 to plaintiff's counsel, apparently due to some confusion or commingling of this litigation with a different case. Faced with the ISP's departure from the directions contained in this Court's June 12, 2012 order, plaintiff's attorney (exercising laudable professional responsibility) "is holding John Doe 1's identity in trust awaiting instructions from this Court."

      His instructions are:

(1) Continue to refrain from disclosing John Doe 1's identity to plaintiff;

(2) Transmit a copy of the complaint to John Doe 1, with a letter of transmittal identifying it as having been filed on plaintiff's behalf and as notice of what is proposed to be served on John Doe 1, with the advice that John Doe 1 should retain counsel who, in turn, should promptly get in touch with plaintiff's counsel within the next thirty days;

(3) Further discussion of the case should be between counsel for the parties;

(4) If no response is received within thirty days, plaintiff's counsel should repeat the transmission, this time by registered mail, return receipt requested, and enclosing a copy of this order. If that communication is similarly ineffective, plaintiff's counsel should so report to this Court, and apply for further relief, including leave to serve the complaint on John Doe 1 and file proof of such service revealing John Doe 1's identity;

(5) If John Doe 1 attempts to communicate personally with plaintiff's counsel otherwise than in writing, plaintiff's counsel should advise John Doe 1 that he will not discuss the case with an unrepresented defendant, who should retain counsel or (if indigent) contact this Court's _pro se_ office for assistance;

(6) If John Doe 1 communicates with plaintiff's counsel in writing, plaintiff's counsel may in his discretion respond thereto or apply to the Court for further instruction;

(7) Plaintiff's counsel shall keep the Court informed of the completion of these steps as they occur; and

(8) The time limited by Fed. R. Civ. P. 4(m) for service of a complaint is extended for the period required to complete the foregoing steps, and may be further extended by such order as may be appropriate.

So ordered.

Dated: New York, New York
       December 27, 2012

_____
LOUIS L. STANTON
U.S.D.J.